UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SUSAN L. STEWART, | ) | Case No.: 1:09 CV 2761 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | |
| | ) | |
| Defendant | ) | ORDER |

This is an action for judicial review of the Administrative Law Judge's ("ALJ") decision, denying Plaintiff Susan L. Stewart ("Plaintiff") claims for Period of Disability ("POD"), Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act ("Act"), 42 U.S.C. §§416(i), 423, 1381, *et seq*. On August 28, 2007, the ALJ determined that Plaintiff was not disabled under the Act and was able to perform a significant number of jobs in the national economy. Plaintiff appealed the ALJ's decision to the Appeals Council, who denied further review of the decision.

On November 24, 2009, Plaintiff filed this Complaint against the Commissioner of Social Security ("Defendant" or "Commissioner"). (ECF No. 1.) The court referred this case to Magistrate Judge Greg White ("Judge White") for preparation of a report and recommendation. On November 4, 2010, Judge White submitted his Report and Recommendation, recommending that final judgment

be entered in favor of the Commissioner and that Plaintiff be denied disability benefits. (ECF No. 18.) On November 29, 2010, Plaintiff filed Objections to the Report and Recommendation (ECF No. 19.) On December 9, 2010, Defendant filed its Response to Plaintiff's Objections. (ECF No. 20.)

## I. LEGAL ANALYSIS

To receive disability benefits, a claimant must show that he or she is disabled pursuant to the Social Security Act. 42 U.S.C. §423(a)(1)(D). *See Buxton v. Halter*, 246 F.3d 762, 771 (6th Cir. 2001). In reviewing an ALJ's decision of Social Security benefits eligibility, a court "is limited to determining whether there is 'substantial evidence' in the record to support the ALJ decision and whether the ALJ applied the proper legal standards." *Deaton v. Comm'r of Soc. Sec.*, 315 Fed. Appx. 595, 597 (6th Cir. 2009). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks omitted). This analysis affords the ALJ a certain amount of latitude and assumes that there is a "zone of choice" for an ALJ to make the determination for social security eligibility without judicial interference. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). An ALJ's findings should not be reversed just because the evidence on the record may support a different conclusion. *Buxton*, 246 F.3d at 772. Thus, an ALJ's decision "must be affirmed if the [ALJ's] findings and inferences are reasonably drawn from the record or supported by substantial evidence, even if that evidence could support a contrary decision." *Elam ex rel. Golay v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125 (6th Cir. 2003).

The ALJ found that Plaintiff established medically determinable, severe impairments, due to somatoform, panic and personality disorders, fibromyalgia, obesity, and hypothyroidism. Yet the

ALJ determined that these impairments and disorders did not meet or equal, when combined, to the impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App 1. Judge White reviewed six assignments of error made by Plaintiff to the ALJ's decision: (1) the ALJ failed to give proper weight to treating physician's opinion; (2) the ALJ failed to consider substantial medical evidence in the record; (3) the ALJ failed to properly weigh Stewart's credibility; (4) the ALJ improperly found she could perform sedentary work; (5) the ALJ did not properly consider whether Stewart's impairments met or equaled a Listing; and (6) the ALJ failed to reconcile the Global Assessment of Functioning ("GAF") findings of Drs. Eshwar Gumidyala and Frederick Leidal. JudgeWhite determined that the ALJ's decision to deny Plaintiff social security benefits was supported by substantial evidence on the record and that the ALJ conducted a thorough review of the record in making his determination. (ECF No. 18.) As such, Judge White recommended that this court deny Plaintiff's Complaint. *Id*.

Plaintiff now objects to Judge White's Recommendation and Report, and specifically his recommendations regarding five of the six assignments of error.[1] After a *de novo* review of the Report and Recommendation, Plaintiff's Objections, and all other relevant documents, the court adopts Judge White's Report and Recommendation in its entirety. In light of several arguments raised in Plaintiff's Objection, the court will briefly discuss Plaintiff's Objections relating to assignments of error: (2) the ALJ failed to consider substantial medical evidence on the record; (3)

---

[1] The court recognizes that Plaintiff submitted her objections *pro se*, and that these objections are entitled to a "liberal construction" by the court. *Franklin v. Rose*, 765 F.2d 82, 84-84 (setting forth the standard of interpreting pleading in a *pro se* complaint) (ECF No. 19.) After a careful review of Plaintiff's objections, the court did not discern a specific objection by Plaintiff to Judge White's recommendation adopting the ALJ's decision that Plaintiff's impairments did not meet or equal a Listing.

the ALJ failed to properly weigh Stewart's credibility; and (6) the ALJ failed to reconcile the GAF findings of Drs. Eshwar Gumidyala and Frederick Leidal.

### A. Substantial Medical Evidence on the Record

Judge White denied Plaintiff's second assignment of error that the ALJ's decision was not supported by substantial evidence. Judge White reasoned that the ALJ did base his decision on substantial evidence in the record, including examinations provided by fourteen medical providers. (ECF No. 18.) In her Objections, Plaintiff, in addition to citing to evidence in the record that she believes supports her disability claim, attached an Exhibit presenting before the court new evidence regarding her condition. (ECF No. 19, p. 9, Ex. B.) Plaintiff asserts that, although she did not present this evidence to the ALJ, she did submit it to the Appeals Council after the ALJ's determination. *Id*. Yet evidence submitted only to the Appeals Council and not the ALJ is not deemed evidence on the record and thus cannot be considered by this court upon review. *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). Further, the Act limits this court's ability to remand Plaintiff's case to the ALJ based on new evidence. 42 U.S.C. §405(g). For this option to be possible, Plaintiff needed to show that the proffered evidence is "new and material" and present a "good cause" as to why the evidence was not presented in the administrative proceeding. *See Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996). Plaintiff has not met this requirement. Thus, the court adopts Judge White's Report and Recommendation as its own and denies Plaintiff's claim on this ground.

### B. Plaintiff's Credibility

Judge White denied Plaintiff's third assignment of error that the ALJ failed to properly weigh Plaintiff's credibility regarding the severity of her disorders' symptoms, particularly her diagnosis

of fibromyalgia. Judge White discussed at length the difficulty of producing objective corroborative medical evidence to show the severity of fibromyalgia and how courts, when determining the disorder's severity, often rely on the credibility of a claimant's account of his or her symptoms. (ECF No.18 (citing *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 244 n. 3 (6th Cir. 2007).) Judge White determined that the ALJ adequately explained his decision to doubt Plaintiff's account of her symptoms and why he based his decision on other evidence in the record. In her Objection, Plaintiff argued that the ALJ applied the wrong legal standard regarding her credibility, that he found some of her statements credible but not others, that although "subjective," her account of her symptoms were credible, and that her failure to take her medication was due to her memory and concentration problems brought on by stress. (ECF No. 19, p. 10, 11, 13, and 14.)

When objective medical evidence alone does not corroborate a plaintiff's allegations of pain, the determination becomes: (1) whether there is objective medical evidence of an underlying medical condition, and if (1) is met; (2)(a) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2)(b) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain. *Felisky v. Bowen*, 35 F.3d 1027, 1038-39 (6th Cir. 1994). In reviewing an ALJ's decision regarding a plaintiff's allegations of pain, a court should defer to the decision if the ALJ provides specific reasons for finding a plaintiff's allegations not credible. *See* SSR, 96-97; *Cross v. Comm'r of Soc. Sec.*, 373 Supp. 2d 724, 733 (N.D. Ohio 2005) ("The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual . . . the weight the adjudicator gave to the individual's statements. . ."). Here the ALJ applied the correct legal standard, weighed the evidence

on the record, and gave specific reasons why he doubted Plaintiff's credibility regarding her pain. (*See* Tr. 25-26, 30-31.) He found that Plaintiff suffers from fibromyalgia, but that her disorder is not so disabling as to restrict her from work activities. (Tr. 30.) The ALJ's decision was supported not only by several medical examinations, but also by Plaintiff's own testimony regarding her daily activities, and further, her account of the severity of her symptoms. (Tr. 26, 30-31.) Specifically, the ALJ noted that Plaintiff took care of her children who require "constant attention," never expressed difficulty sitting for long periods, and failed to take her medication. (Tr. 30.) Plaintiff objects to the ALJ's assessment of her noncompliance with medication and states that the ALJ did not consider her inability to remember to take her medication or her unwillingness to take her medication due to its side effects. (ECF No. 19.) Even if the court takes into account these Objections, the ALJ's decision is entitled to deference because it is sufficiently clear and supported by substantial evidence on the record. As such, the court adopts JudgeWhite's recommendation.

C. The GAF findings of Drs. Eshwar Gumidyala and Frederick Leidal

Finally, Judge White denied Plaintiff's sixth assignment of error that the ALJ failed to reconcile the difference between Plaintiff's two GAF scores. (ECF No. 18.) In 2003, Dr. Eshwar Gumidyala determined that Plaintiff possessed a GAF score of 50. (Tr. 27.) Four years later, in 2007, Dr. Frederick Leidal assessed Plaintiff to have a GAF score of 65. (Tr. 29.) A GAF score is "a subjective determination that represents the clinician's judgment of the individual's overall level of functioning." *DeBoard v. Commissioner of Soc. Sec.*, 211 Fed. Appx. 411, 415 (6th Cir. 2006)(quoting *Wesley v. Comm'r of Soc. Sec.*, No. 99-1126, 2000 WL 191664, at *13-*14 (6th Cir. Feb. 9, 2006))(internal quotation marks omitted) . It considers the non-medical factors which do not constitute work-related functional limitations, and therefore do not necessarily translate into

functional limitations for the purpose of assessing Social Security disability. *Hall v. Astrue*, 1:10-cv-0160, 2010 U.S. Dist. LEXIS 134247 at *20 (E.D. Cal. Dec. 8, 2010)(quotation marks omitted). Thus, "[w]hile a GAF score may be of considerable help to the ALJ [in making a decision], it is not essential to the [decision's] accuracy." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 241 (6th Cir. 2002)(determining that the ALJ's failure to reference a GAF score in the decision, by itself, is not a sufficient ground to reverse the decision). Indeed, the Sixth Circuit has recognized that the Commissioner "has declined to endorse the [Global Assessment Functioning] score for use in the Social Security and [Supplemental Security Income] disability programs, and has indicated that [Global Assessment Functioning] scores have no direct correlation to the severity requirements of the mental disorder listings." *Deboard*, 211 Fed. Appx. at 415. In her Objections, Plaintiff refers to *Hall v. Commissioner of Social Security*, a case where the district court remanded the case for review by the Commissioner because the ALJ ignored the plaintiff's GAF scores in his decision. 2:05-cv-559-FtM-29SPC, 2007 U.S. Dist. LEXIS 96335 at *33 (M.D. Fla. Feb. 9, 2007). While the court acknowledges the holding in this case, there is no evidence that the ALJ "ignored" Plaintiff's GAF scores, although he did not address the scores in his decision. Indeed, an ALJ is not required to address every piece of evidence on the record, *Korenecky v. Comm'r of Soc. Sec.*, 167 Fed. Appx. 496, 507-08 (6th Cir. 2006), nor is it necessary for the ALJ to reference a GAF score in his or her decision. *Howard*, 276 F.3d at 241. Because a GAF score is not essential to an ALJ's decision, the court will not remand the case based on this ground. Thus, the court adopts Judge White's Report and Recommendation as its own and denies Plaintiff's claim on this ground.

## II.  CONCLUSION

For the foregoing reasons, the court adopts Magistrate Judge White's Report and Recommendations in its entirety. (ECF No. 18. ) Accordingly, the decision of the Commissioner is affirmed.

IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR.
CHIEF JUDGE
UNITED STATES DISTRICT COURT

March 23, 2011